*Tuesday, September 21, 1999*

## MISCELLANEOUS DOCKET

| | | |
|---|---|---|
| In re Report of the Commission | : | 1999 TERM |
| on Continuing Legal Education | : | |
| | | |
| Howard Martin Flournoy | : | ENTRY |
| ( # 0007386), | | |
| Respondent. | : | |

This matter originated in this court on the filing of a report by the Commission on Continuing Legal Education (the "commission") pursuant to Gov.Bar R. X(6)(A)(1)(b) and (A)(2)(d). The commission

recommended the imposition of sanctions against certain attorneys, including the above-named respondent, for failure to comply with the provisions of Gov.Bar R. X, Attorney Continuing Legal Education, for the 1996–1997 reporting period.

Respondent has been granted corporate status under Gov.Bar R. VI. Section 4 of Gov.Bar R. VI provides that an attorney, who is admitted to the practice of law in another state but not in Ohio, and who is employed full-time by a nongovernmental Ohio employer, may register for corporate status by filing a Certificate of Registration and paying the registration fee required under the rule. An attorney who is granted corporate status may perform legal services in Ohio solely for a nongovernmental employer, as long as the attorney is a full-time employee of that employer. The legal education requirements of Gov.Bar R. X apply to attorneys registered under Gov.Bar R. VI for corporate status.

The commission's report recommended imposition of a sanction against the respondent in the total amount of $600 for noncompliance with Gov.Bar R. X in the 1996–1997 reporting period. Furthermore, the commission's report recommended that the respondent be suspended from the practice of law pursuant to Gov.Bar R. X(5)(A)(4) for failure to pay a previous court-ordered sanction for noncompliance in a previous reporting period in addition to noncompliance in the 1996–1997 reporting period. On November 18, 1998, this court issued to the respondent an order to show cause why the commission's recommendation should not be adopted and an order so entered against the respondent. Respondent filed no objections to the commission's recommendation, and this cause was considered by the court. Upon consideration thereof,

IT IS ORDERED by the court that the recommendation of the commission is adopted and the corporate status granted to respondent pursuant to Gov.Bar R. VI(4)(A) is immediately revoked.

IT IS FURTHER ORDERED that respondent immediately cease and desist from the practice of law in Ohio in any form, and respondent is hereby forbidden to provide legal services as an employee of a nongovernmental Ohio employer.

IT IS FURTHER ORDERED that respondent is divested of each, any, and all of the rights, privileges, and prerogatives customarily accorded to an attorney registered in good standing for corporate status.

IT IS FURTHER ORDERED that respondent's name be stricken from the roll of registered attorneys maintained by this court.

IT IS FURTHER ORDERED that, within thirty days of the date of this order, respondent shall:

1. Notify respondent's employer of the revocation of respondent's registration in corporate status and consequent disqualification to provide legal services for the employer after the effective date of this order;

2. File with the Clerk of this court and the Disciplinary Counsel of the Supreme Court an affidavit showing compliance with this order and setting forth the address where the affiant may receive communications.

IT IS FURTHER ORDERED that, within thirty days of the date of this order, respondent shall pay to the Commission on Continuing Legal Education, by certified check or money order, a sanction fee which is hereby imposed in the total amount of $600.

IT IS FURTHER ORDERED that, payment of the sanction fee notwithstanding, respondent shall comply with the requirements imposed by Gov.Bar R. X for the 1996–1997 reporting period. See CLE Reg. 503.4.